# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 09-00068-01-CR-W-HFS |
| TYRONE L. HOLMAN, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

On April 30, 2009, counsel for defendant Holman filed a motion pursuant to 18 U.S.C. § 4241 for a determination of the mental competency of the defendant to stand trial. That motion was granted and, prior to holding a hearing to determine the mental competency of the defendant, the Court entered its Order pursuant to 18 U.S.C. § 4241(b) directing that a psychological or psychiatric examination of the defendant be conducted and that a psychological or psychiatric report be filed with the Court pursuant to 18 U.S.C. §§ 4247(b) and (c).

The Court has now received the psychological or psychiatric report of Dr. David E. Morrow which concluded that the defendant is incompetent to understand the nature and consequence of the proceedings against him and to assist properly in his defense. This report has been provided to and reviewed by counsel for the government and counsel for the defendant. On August 27, 2009, a hearing was held pursuant to 18 U.S.C. § 4247(d) for the purpose of determining the mental competency of the defendant to stand trial. At this hearing, counsel for the government and counsel for the defendant stipulated that the Court could consider the psychological or psychiatric report of Dr. David E. Morrow as if Dr. Morrow had appeared in

person and testified under oath, and additional proffers were made by defendant Holman.  No additional evidence was offered by the government or by the defendant.

Based on the record before the Court and the findings of Dr. David E. Morrow, it is

RECOMMENDED that the District Court, after conducting its own independent review of the record, find that defendant is incompetent to understand the nature and consequence of the proceedings against him and to assist properly in his defense.  It is further

RECOMMENDED that, pursuant to 18 U.S.C. 4241(d), the Court enter an order committing defendant Holman to the custody of the Attorney General for hospitalization and treatment in a suitable facility for a reasonable time to determine whether there is a substantial probability that in the foreseeable future, the defendant will attain the capacity to permit the trial to proceed.

Counsel are reminded that each has 10 days from the date of receipt of a copy of this Report and Recommendation to file and serve specific objections to the same.  A failure to file and serve timely objections shall bar attack on appeal of the factual findings in this Report which are accepted or adopted by the District Judge except upon the ground of plain error or manifest injustice.

                                                                    */s/ JOHN T. MAUGHMER*
                                                                         JOHN T. MAUGHMER
                                                          Chief United States Magistrate Judge

Kansas City, Missouri